IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:04-CR-195-BO
NO. 5:12-CV-33-BO

| | |
|---|---|
| WALTER RAY TAYLOR, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | O R D E R |

This matter is before the Court on the government's Motion for Reconsideration [DE 57]. Petitioner has not responded, and the matter is ripe for review. For the reasons discussed below, the government's motion is denied.

## BACKGROUND

On April 9, 2012, the Court granted Petitioner's, Mr. Taylor, Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, finding that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), Mr. Taylor no longer had sufficient predicate convictions to qualify for the career offender enhancement under U.S.S.G. 4B1.1. The government now asks that the Court reconsider its holding, arguing that such a finding runs directly contrary to Fourth Circuit precedent found in *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010).

## DISCUSSION

*Pettiford* involved claims raised in a § 2255 proceeding that could have been raised on direct appeal and were thus procedurally barred. 612 F.3d at 280 (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006)). Noting that the Supreme Court had recognized an equitable

exception to such a bar where an applicant can show cause and prejudice or actual innocence, the Court of Appeals found that, *inter alia*, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Id.* at 284.

In this matter, the government argued only that Mr. Taylor's petition was untimely; the government did not contend that Mr. Taylor was procedurally barred from raising his claim.[1] It was therefore unnecessary for the Court to consider whether Mr. Taylor might be actually innocent of his career offender classification as it did not need to consider whether an equitable exception to a procedural bar applied. Because the holding of *Pettiford* is inapposite here, the Court need not consider whether it would serve to foreclose relief for Mr. Taylor.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's Motion to Reconsider is DENIED.

SO ORDERED, this $\partial L$ day of May, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that failure to raise the issue of a procedural bar in its response to a § 2255 petition precludes the government from later relying on such a bar. *See United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993) (government's failure to raise procedural bar precludes government from relying on it); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991) (same).